## SEPTEMBER TERM, 1896.

CASE 90—AGREED CASE—SEPTEMBER 22.

# S. H. Stone, Auditor, v. J. R. Pflanz, Sheriff, et al.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. JAILER'S FEES—STATEMENT TO AUDITOR—OFFICIAL SERVICES.— The services required of jailers by sections 356 and 1730 of the Kentucky Statutes are official services; and the fees allowed the jailer under those sections for attendance upon circuit, county and quarterly courts and furnishing fuel, lights and water for same, must be included in the statement required of the jailer of counties of 75,000 population or over, by the provisions of section 1773 of the Kentucky Statutes, to be made monthly to the Auditor of Public Accounts and showing the amount received by him as fees or compensation; and the Commonwealth is entitled under the provisions of section 1774 to retain 25 per cent. of the fees and compensation so paid into the treasury by the jailer.

2. JAILER'S DUTIES—SUPPLIES FOR COUNTY OFFICERS.—The jailer is not authorized under the provisions of sections 356 and 1730 of the Kentucky Statutes, or any other statute, to furnish fuel, lights, water, etc., to county or other officers.

W. S. TAYLOR FOR APPELLANT.

1. The statute requiring the various officers in the counties of the State, containing 75,000 inhabitants, to report and pay into the State Treasury all fees collected by them, and directing that the auditor shall draw his warrant in favor of said officer for a sum not exceeding 75 per cent. of the amount so reported, is a general law, and applies to all officers and counties which come within the class named therein.

2. The statute does not discriminate against Jefferson county—it applies alike to all counties of that class. And even if it did discriminate, one not affected thereby will not be heard to make complaint for the county.

3. The requirement that their officers shall pay into the State Treasury a certain per cent. of their fees, does not put any additional burden upon the counties having 75,000 or more inhabitants, so long as the fees of the officers are no greater than in other counties.

4. There is no statute authorizing the jailer to furnish lights, fuel, janitor, etc., to county officers.

5. By the act of April, 1893, the General Assembly undertook to legislate upon the entire subject touching the duties of jailers, and it must be considered the whole law on the subject, and that all laws in conflict therewith, are by implication repealed.

6. The fees for attendance upon the courts are a part of the compensation of the jailer's office and should be included in the report required of him by the statute to the auditor.

CARROLL & HAGAN FOR APPELLEES

1. The allowance to the jailer for attendance upon and furnishing lights, fuel, etc., to the courts, is not a fee or compensation to the jailer, and such sums should not be included in his report to the auditor. No fixed sum is allowed for these services in the quarterly and county courts, but "not exceeding $2 a day," the purpose of the law clearly being to appropriate only so much for the purpose as was necessary to furnish those conveniences—the jailer in no sense being a beneficiary.

2. To require these allowances which are paid out of the county levy of Jefferson county, to be paid into the State Treasury, where 25 per cent. of it must remain under the statute, and be used for State purposes, is to require Jefferson county to pay into the State Treasury money collected under a tax levy for local purposes, and a statute attempting to give the State such a power is unconstitutional. (Hammett v. Philadelphia, 69 Pa. St., 146; Dargan v. Boston, 12 Allen, 223; Sharpless v. Philadelphia, 21 Pa. St.; 147; Bergen v. Clarkson, 6 N. J., 352; Livingston Co. v. Wieder, 64 Ill., 427; State v. Hoben, 22 Wis., 660; State v. Supervisors of Dutchess, 1 Hill, 50; Cooley on Taxation, chap. 5, p. 104; Slack v. M. & L. R., 13 B. M., 1; Lexington v. McQuillan, 9 Dana, 515; Cheaney v. Hooser, 9 B. M., 330; Preston v. Roberts, 12 Bush, 570; Marshall v. Dunavan, 10 Bush, 681; Talbott v. Dent, 9 B. M., 526; Town of Parkland v. Gaines, 88 Ky., 562.)

3. The county officers and officers of the courts are a necessary part of the machinery of the courts in the administration of justice. They are provided with offices in the court house, and are clearly

included within the provision of the statute requiring fuel, lights, etc., to be furnished to the courts.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This appeal is by S. H. Stone, auditor of public accounts, from a judgment of the Jefferson Circuit Court, rendered in an agreed case, the controversy being in regard to certain rights and duties of the jailer of that county.

Section 1772, Kentucky Statutes, relating to counties having a population of 75,000 or over, Jefferson being such, is as follows: "The jailer shall . . . receive an annual salary of five thousand dollars; and the number of his deputies, guards and turnkeys, and the salaries allowed to each, shall be fixed by the judge of the county court, the mayor of the city where the jail is located, and the judge of the criminal division of the circuit court; but the annual salary of the chief deputy shall not exceed eighteen hundred dollars, nor shall the annual salary of each of the other deputies, guards or turnkeys exceed twelve hundred dollars," etc.

Section 1773 provides: "The jailer shall, on the first day of each month, make out an itemized statement. subscribed and sworn to by him, showing the expenses of his office, exclusive of salaries, and the amount of such expenses, as well as the amount received the preceding month by such jailer as fees or compensation, or due to him for all services rendered by him in his official capacity, and whether due or paid to him by the State or city or county or United States government, and shall at the same time pay to the auditor the amount so received," etc.

Section 1774 provides: "Upon the receipt of such statement the auditor shall draw his warrant upon the treasurer for an amount not exceeding seventy-five per cent. of

the amount of the fees or compensation due to or paid to the jailer for services rendered the preceding month. If the amount so paid is not sufficient to pay the salaries and expenses of the office for the month, the deficit may be made up out of the amount paid in any succeeding month; but in no event shall the amount paid exceed seventy-five per cent. of the amount paid into the treasury by the jailer or credited to him by the auditor," etc.

In addition to proper and fixed fees for imprisoning, keeping, dieting and releasing prisoners, each jailer is, by section 1730, allowed for attending county and quarterly courts, to be paid out of the county levy, per day not exceeding $2; for furnishing fuel and lights to county and quarterly courts a reasonable compensation, not exceeding $2 per day, to be paid out of the county levy.

He is also, by section 356, allowed for each day's attendance upon the circuit court $2; and for furnishing fuel, lights and water to the circuit court not exceeding $2 per day. And the principal question in this case, submitted to and determined by the court below, is whether the amount received by the jailer of Jefferson county under sections 1730 and 356 should be included in each monthly report he is required by section 1773 to make; and whether the Commonwealth of Kentucky is entitled, in virtue of section 1774, to retain twenty-five per cent. thereof.

Section 1773, in plain and unqualified terms, requires the jailer of a county having a population of 75,000 or over to make out, on the first day of each month, an itemized statement, showing the amount received by him the preceding month as fees or compensation, or due to him for all services rendered by him in his official capacity, whether due or paid by the State, city, county or United States government, and

at the same time pay into the treasury the amount so received; and in pursuance of the manifest policy of law the auditor, or by his direction the jailer for him, is required by section 1775 to speedily collect the amount found to be due by each monthly statement from the county, city or United States government, as the case may be, and give to the jailer credit by the amount so collected and paid into the treasury, as well as by the amount due from the State, which latter amount shall be considered as paid to the auditor by the jailer.

As the services required by sections 356 and 1730 are, in meaning of section 1773, unquestionably official services, and compensation therefore is fixed and provided for by statute, it would, in our opinion, be very difficult to make plainer the intention of the legislature that the jailer shall account for, report and pay the amount thereof into the treasury than is done by the language of section 1773.

Any other construction of that section would be contrary to section 106 of the Constitution, which requires jailers and other officers, in counties having a population of 75,000 or more, to be paid out of the State treasury by salary to be fixed by law, but not to exceed 75 *per centum* of the fees collected by them respectively and paid into the treasury. Besides, to permit the jailer in such case as this to appropriate wholly the fees and compensation received for services rendered under sections 356 and 1730 would enable him to evade section 246 of the Constitution, which provides that no public officer, except the governor, shall receive more than $5,000 per annum as compensation for official services, independent of the compensation of legally authorized deputies and assistants.

We do not see how the statute, as we construe it, does

injustice to such county, inasmuch as it is not required to bear any greater or other burden than counties having less population than 75,000.

If such be the proper construction of section 1773, it seems to us to necessarily follow that the Commonwealth is entitled, under section 1774, to retain twenty-five per cent. of the fees and compensation so paid into the treasury by the jailer.

Another question submitted and determined is whether the jailer is authorized, by sections 356 and 1730 to furnish fuel, light, water, etc., to the various officers of Jefferson county, who are now appellees. In our opinion neither of those sections, nor any other statute, authorizes in terms or by reasonable implication the jailer to render such service to any county or other officer.

The judgment of the lower court is, therefore, reversed and cause remanded for proceedings consistent with this opinion.